IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TERENCE BENNETT a/k/a Terence )
James Bennett, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV418-297
 )
LOANCARE, LLC, )
 )
    Defendant. )
 )

## O R D E R

Before the Court is Defendant's Motion to Dismiss. (Doc. 5.) On or about November 5, 2018, Plaintiff filed a Complaint for an Order Correcting Credit Reporting and for Damages against Defendant in the Superior Court of Chatham County, Georgia. (Doc. 1, Attach. 1 at 2-10.) In his complaint, Plaintiff alleges that Defendant has incorrectly reported his mortgage debt as being in arrears and failed to remedy the issue. (Id. at 5-6.) Plaintiff alleges that, as a result, his credit score had been damaged, and he has been denied credit. (Id.) Defendant removed this action from the Superior Court of Chatham County on December 13, 2018. (Doc. 1.) Defendant filed its motion to dismiss on December 20, 2018 and served the motion on Plaintiff through the Court's Electronic Case Filing System ("ECF").

(Doc. 5 at 3.) This Court directed Defendant to re-serve the motion on Plaintiff's counsel (Doc. 9), which it has done (Doc. 11). Plaintiff has filed a response to Defendant's motion (Doc. 12; Doc. 13), to which Defendant has replied (Doc. 14).

In its motion to dismiss, Defendant contends that, because Plaintiff does not allege "that he disputed the accuracy of the information with a CRA [consumer reporting agency], he cannot allege that LoanCare was provided with notice of Plaintiff's dispute by a CRA in accordance with 15 U.S.C. § 1681s-(2)(b), and thus he cannot state a claim under the FCRA [Fair Credit Reporting Act]." (Doc. 5, Attach. 1 at 2.) Defendant also argues that, to the extent Plaintiff has alleged any state law claims, they are preempted by the FCRA. (Id. at 5-6.)

In response, Plaintiff argues that Defendant's motion "is premature and moot due to LoanCare's failure to timely answer Plaintiff's admissions." (Doc. 13 at 2.) Plaintiff states that on November 5, 2018, he simultaneously filed his complaint in the Superior Court of Chatham County and Plaintiff's First Request for Interrogatories, Request to Produce, and Request for Admissions. (Id. at 1.) This case was subsequently removed to this Court on December 13,

2

2018. Thus, according to Plaintiff, because Defendant has not answered the request for admissions, the requests for admissions are deemed admitted. Defendant, however, points out that its duty to respond had not yet expired when the case was removed to this Court. (Doc. 14 at 3 (citing O.C.G.A. § 9-11-36(a)(2)).) Defendant further contends that, upon removal, Plaintiff's discovery requests were nullified and Defendant had no obligation to respond to them. (Id.) Finally, Defendant argues that, even taking "every one of Plaintiff's allegations as true," Plaintiff still "cannot state a claim under the FCRA because he does not allege that he submitted his dispute to a consumer reporting agency ("CRA"), and then a CRA subsequently provided notice of Plaintiff's dispute to Defendant." (Doc. 14 at 4-5.) Plaintiff has not addressed the substance of Defendant's motion to dismiss. Nor has Plaintiff contended that the requests for admissions, even if deemed admitted, sufficiently sets out a claim under the FCRA.

Even assuming arguendo that Defendant has admitted Plaintiff's requests for admissions[1], this Court agrees that

---

[1] The Court does not need to decide whether Defendant has admitted Plaintiff's requests for admissions by failing to reply because Plaintiff has still failed to state a claim as explained herein. However, the Court does briefly note that it is clear that the Federal Rules of Civil Procedure

Plaintiff has still failed to state a claim under the FCRA. In the complaint, Plaintiff alleges that: (1) Defendant falsely reported that Plaintiff is in arrears on the loan obligation being serviced by Defendant; (2) this incorrect reporting has had negative consequences on Plaintiff's credit score; and (3) Defendant has refused to correct its inaccurate and false reporting on Plaintiff's payment. (Doc. 1, Attach. 1 at 6.) Although Plaintiff, represented by counsel, failed to state the specific cause of action, it appears that he seeks relief pursuant to the FCRA. "The FCRA governs claims by consumers, like [the plaintiff], against a furnisher of information, such as [the defendant], based on an allegation that the furnisher submitted incorrect information regarding the consumer to CRAs." Green v. RBS Nat. Bank, 288 F. App'x 641, 642 (11th Cir. 2008). Here, Plaintiff is similarly alleging that Defendant has furnished incorrect information regarding

---

apply to an action after it is removed from a state court. Fed. R. Civ. P. 81(c)(1). Thus, pursuant to Federal Rule of Civil Procedure 26(d)(1), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Plaintiff cites to Federal Rule of Civil Procedure 36(a)(3) to support his contention that Defendant's failure to provide written responses to the request for admissions results in the requests being deemed admitted. (Doc. 13 at 2.) Plaintiff, however, does not address the application of Federal Rule of Civil Procedure 26(d)(1).

Plaintiff's payment on a loan to a CRA, which has allegedly negatively impacted his credit score. Therefore, it appears that Plaintiff is pursuing his claims pursuant to the FCRA.

The United States Court of Appeals for the Eleventh Circuit has summarized the responsibilities imposed on furnishers of information to CRAs as such:

> Pursuant to § 1681s-2, the FCRA also imposes certain responsibilities on persons who furnish information to consumer reporting agencies. Id. § 1681s-2. Under subsection (a), persons may not knowingly furnish inaccurate information to a consumer reporting agency, must correct any such furnished information, and must notify a consumer reporting agency when any information is disputed by a consumer. Id. § 1681s-2(a)(1)-(3). In accordance with subsection (b), furnishers of consumer credit information must also verify the sufficiency and accuracy of the information when notified by a consumer reporting agency of a credit-report dispute. Id. § 1681s-2(b); see also id. § 1681i(a)(2). Congress, however, expressly reserved enforcement of subsection (a) to governmental agencies and officials, thereby limiting a consumer's private cause of action against a furnisher of credit information to violations of § 1681s-2(b). Id. § 1681s-2(c)-(d).

Chipka v. Bank of Am., 355 F. App'x 380, 383 (11th Cir. 2009). Thus, to the extent that Plaintiff is attempting to raise violations of 15 U.S.C. § 1681s-2a, those claims must be dismissed because there is no private right of action for violations of 15 U.S.C. § 1681s-2(a). See Green, 288 F. App'x at 642; Seamans v. Temple Univ., 744 F.3d 853, 864 (3d Cir. 2014) (stating that the claims at issue are "predicated solely on [the furnisher's] conduct after it was informed of [the plaintiff's] dispute by TransUnion," because the FCRA precludes private suits for failure to comply with the statutory duties outlined in 15 U.S.C. § 1681s-2(a)).

Plaintiff, however, can bring a suit for violations of 15 U.S.C. § 1681s-2(b). However, Plaintiff must dispute the information with a CRA, which in turn, must notify Defendant of the dispute. See 15 U.S.C. § 1681s-2(b)(1); Green, 288 F. App'x at 642; Taylor v. Georgia Power Co., No. CV 215-006, 2016 WL 627352, at *3 (S.D. Ga. Feb. 16, 2016) ("A furnisher of information, however, is only liable for a failure to investigate and respond after receiving notice of a consumer dispute from a consumer reporting agency, not from the consumer.") For a plaintiff to prevail

on a claim pursuant to 15 U.S.C. § 1681s-2(b), the plaintiff must:

> allege and establish that he notified a consumer reporting agency that he disputed the completeness or accuracy of information in his credit report that was furnished by defendant, the credit reporting agency gave notice of plaintiff's dispute to defendant as a furnisher, and defendant did any one of the following: (1) failed to conduct a reasonable investigation of the identified dispute(s); (2) failed to review all relevant information provided by the credit reporting agency; (3) failed to report the results of its investigation to the credit reporting agency; or (4) if an item of information disputed by plaintiff was found to be inaccurate, incomplete, or it could not be verified after any reinvestigation, failed to modify, delete, or permanently block the reporting of that item of information.

Taylor, 2016 WL 627352, at *4 (internal quotations and citations omitted).

Here, Plaintiff has failed to allege that he disputed the allegedly inaccurate information with a CRA, that the CRA notified Defendant of the dispute, and that Defendant failed to perform its duties as outlined in 15 U.S.C. § 1681s-2(b)(1), (2). The Court finds that, even deeming Plaintiff's requests for admissions admitted by Defendant, Plaintiff has not alleged the above information in his

complaint or established this information through its request for admission. (Doc. 1, Attach. 1 at 17-18.) This information is necessary to state a claim for relief pursuant to 15 U.S.C. § 1681s-2(b) and, as Plaintiff has failed to allege these facts, Plaintiff has failed to state a claim pursuant to 15 U.S.C. § 1681s-2(b). Any claims asserted by Plaintiff pursuant to this provision must be dismissed.

In its motion to dismiss, Defendant also contends that any state law claims asserted by Plaintiff must be dismissed because any state law claims are preempted by the FCRA. (Doc. 5, Attach. 1 at 5.) First, it should be noted that it is unclear what state law claims, if any, Plaintiff asserts in his complaint. Plaintiff does not delineate his claims or otherwise cite the basis for his claims. (See Doc. 1, Attach. 1 at 5-7.) Moreover, in Plaintiff's response to Defendant's motion to dismiss, Plaintiff does not dispute that any state law claims he brought are preempted by the FCRA nor does Plaintiff elaborate on what claims he brought. (Doc. 12; Doc. 13.) In the absence of any clarification by Plaintiff, who is represented by counsel, this Court is left with the four corners of Plaintiff's complaint. In his complaint, Plaintiff alleges

that (1) Defendant falsely reported that Plaintiff is in arrears on the loan obligation being serviced by Defendant; (2) this incorrect reporting has had negative consequences on Plaintiff's credit score; and (3) Defendant has refused to correct its inaccurate and false reporting of Plaintiff's payment. (Doc. 1, Attach. 1 at 6.) The Court agrees with Defendant that this is the very conduct that is regulated by 15 U.S.C. § 1681s-2. Pursuant to 15 U.S.C. § 1681t(b)(1)(F), "[n]o requirement or probation may be imposed under the laws of any state—with respect to any subject matter regulated under—section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." Thus, to the extent that Plaintiff has alleged some form of state law claim, the Court finds the claim(s) to be preempted by the FCRA. Accordingly, Defendant's Motion to Dismiss (Doc. 5) is **GRANTED**. As a result, Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

SO ORDERED this **20th** day of August 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA